IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEVELOPMENT FINANCE TRAINING AND CONSULTING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:23-cv-217-TFM-B |
| CRYSTAL DOWD, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Request for a Temporary Restraining Order Preliminary and Permanent Injunction[1] (Doc. 1, filed 6/12/23).  Plaintiff Development Finance Training and Consulting, Inc. ("Plaintiff or "DFTC") petitions the Court enter a temporary restraining order and preliminary injunction against Defendant Crystal Dowd ("Defendant" or "Dowd").  Specifically, Plaintiff seeks a temporary restraining order ("TRO") that does the following: (1) prohibit Dowd, or anyone acting on her behalf, from accessing, using, disseminating, or otherwise violating DFTC's proprietary interests with respect to its property misappropriated by Dowd; (2) set this matter for an evidentiary hearing to consider and enter a Preliminary and/or Permanent Injunction at the earliest possible date as required by the Rules, and compel the Dowd to attend, else suffer sanctions; (3) place Dowd under oath and require her to respond on the record to DFTC's inquiries regarding her conduct, the current status and disposition of DFTC's property, specifically, whether Dowd has shared or disclosed DFTC's confidential and proprietary information to any third-parties including, but not limited to, any past, current or

---

[1] Plaintiff did not file a separate motion for temporary restraining order and preliminary injunction. Rather, the request is embedded within the Verified Complaint.  *See* Doc. 1 at 10-13.

prospective employer and/or customers, and any and all benefits conferred on Defendant by and through her wrongful conduct; (4) at the conclusion of the hearing, impose a Preliminary and/or Permanent Injunction against Dowd prohibiting her from engaging in further use and misappropriation among DFTC's property, among other relief as deemed appropriate by the Court; and (5) award DFTC all damages to which it is entitled by law and in equity including, but not limited to, attorneys fees and costs. *See* Doc. 1 at 12.

## I.  FACTUAL BACKGROUND

On June 12, 2023 Plaintiff filed its Verified Complaint against Dowd. *See* Doc. 1. In the verified complaint, Plaintiff asserts a claim for temporary restraining order and preliminary and permanent injunction, along with claims for violations of the Federal Computer Fraud & Abuse Act, the Federal Defend Trade Secrets Act, the Alabama Trade Secrets Act, breach of the duty of loyalty, and breach of contract. *See* Doc. 1.

This matter stems from a dispute between Plaintiff, a company that provides consulting, training, and auditing services to credit unions, banks, and other lending institutions to help ensure regulatory compliance and other business-related advice, and Defendant, a former employee, officer, director, and shareholder of DFTC. The matter of immediate interest is a dispute as to Defendant's alleged misappropriation of DFTC's proprietary Trade Secrets without DFTC's knowledge or consent and in direct contravention with her employment agreement and DFTC's "Acceptable Use Policy." Plaintiff states that it sent Defendant a cease-and-desist letter on April 24, 2023, and to this date, Defendant has not notified DFTC of her intent to comply with the letter and remains in possession of DFTC's property. Doc. 1 at 9.

## II.  STANDARD OF REVIEW

"The purpose of a temporary restraining order . . . is to protect against irreparable injury

and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (citing *Canal Auth. of State of Fla.* v. *Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). A district court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" **and** "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1) (emphasis added). A temporary restraining order has the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating all four are present. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Thus, the moving party must show:

> (1) it has a substantial likelihood of success on the merits;
> (2) irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

*Schiavo*, 403 F.3d at 1231 (citations omitted). However, *ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

"The court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

### III. ANALYSIS

Though Plaintiff makes serious allegations, the request for a temporary restraining order falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order as it has not adhered to the strict requirement of Fed. R. Civ. P. 65(b)(1)(B) to certify in writing the efforts that have been made to give notice to Defendant of this motion and the reasons why notice should not be required. Plaintiff's verified complaint, the only document that Plaintiff has filed at this stage, does not include such a certification. The certificate of service indicates that Defendant will be served by U.S. Certified Mail and notes Plaintiff will also send "[a]dvance copy via email to provide notice for TRO." Doc. 1 at 25. While Plaintiff is serving the motion to the Defendant according to the certificate of service, that is insufficient to issue a TRO under the rule as it does not provide a certification on the why the TRO should issue without notice or a response foregone by Defendant. While it could perhaps be inferred, the Court does not find it appropriate to issue a TRO without strictly adhering to the requirements of the rule.

Regardless of the denial of a TRO, that still leaves the issues to be resolved by means of a motion for a preliminary injunction (which remains pending) and the Court recognizes the urgency of the situation. Therefore, in advance of the answer or other responsive pleading pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), the Court will order that a response to the motion for preliminary injunction and hold a hearing on the matter to promptly address the issues raised.

Defendant Crystal Dowd shall have until Thursday, June 15, 2023 to file a response to the motion for preliminary injunction. Further, the Court will hold an evidentiary hearing on the motion for preliminary injunction on this Friday, June 16, 2023. Given the short notice for the evidentiary hearing, the hearing will be held via video teleconference.

## IV. Conclusion

Accordingly, Plaintiff's motion for a temporary restraining order (Doc. 1) is **DENIED**. However, the motion for preliminary injunction remains pending. Defendant is **ORDERED** to respond to Plaintiff's motion for preliminary injunction on or before **June 15, 2023**. The motion for preliminary injunction is **SET** for an evidentiary hearing by virtual teleconference conference on **Friday, June 16, 2023 at 3:00 p.m.**

The Clerk of Court is **DIRECTED** to send a copy of this order and the verified complaint (Doc. 1) containing the motion for preliminary injunction by expedited means to the Defendant to ensure they receive the information as soon as possible. In addition to normal means of sending court orders, the Court authorizes the uses of overnight mail and e-mail to the extent appropriate.

The Clerk of Court is further **DIRECTED** to arrange the virtual hearing and to email the instructions to Plaintiff's counsel who in turn will also send the information to the Defendant and/or her counsel/representative. Plaintiff's counsel is also **DIRECTED** to serve Defendant with a copy of this Order and to send a copy of the order by electronic means to ensure quick delivery of the information.

**DONE** and **ORDERED** this 12th day of June 2023.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE